# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2592
LT Case No. 2023-CC-009264-X

_____

DENISE ANN CROSS d/b/a ONYX
NAILS,

 Appellant,

 v.

EDGEWOOD GRANDE, LLC,

 Appellee.

_____

On appeal from the County Court for Duval County.
Kristen Brooke Stephens Brady, Judge.

Averrell Thompson, Jacksonville, for Appellant.

Cory S. Carano, of Kelley & Grant, P.A., Boca Raton, for
Appellee.

May 23, 2025

HARRIS, J.

 Appellant, Denise Ann Cross d/b/a Onyx Nails, appeals the
county court's entry of default and its final judgment for possession
after default. Because there was no court order requiring
Appellant to pay rent into the court registry pursuant to section
83.232(5), Florida Statutes (2023), we reverse and remand for
further proceedings.

Edgewood Grande, LLC ("Edgewood") (landlord) and Appellant (tenant) entered into a ten-year commercial lease agreement beginning March 1, 2022. Under the agreement, Appellant was required to pay $5,885 each month ($5,500 plus 7% sales tax). On June 7, 2023, pursuant to chapter 83, Florida Statutes, Edgewood sent Appellant a notice for nonpayment of rent in the sum of $9,170. A week later, Edgewood filed a commercial tenant eviction action against Appellant, alleging a failure to pay the full rent amount due under the rental agreement.

On June 26, 2023, Appellant timely filed a pro se answer and a motion to dismiss alleging, inter alia, that there was no rental agreement between the parties, no money was owed to Edgewood, and that Edgewood conducted an erroneous accounting, as rent was only $5,500. She subsequently filed an amended answer making the same arguments and moved to determine rent. Appellant also filed "Exhibit D" which included a rental ledger, copies of cashier check receipts, and copies of signed checks made out to Edgewood.

Edgewood moved the court to order Appellant to deposit $20,540, the current amount owed, into the court registry. It alternatively requested the court to set a hearing to determine the appropriate amount of rent to be deposited in accordance with section 83.232(2), Florida Statutes. The appellate record contains no order on that motion.

Without conducting a hearing, the court entered default against Appellant for her failure to deposit the money due for rent into the court registry after filing an answer alleging a defense other than payment. In its order, the court cited to section 83.60(2), Florida Statutes, a section which is applicable to residential tenancies. The following day, Appellant moved to set aside the default, arguing that she filed an answer in accordance with section 83.232(1) and that the court failed to comply with section 83.232(3) by failing to notify her of the requirement that rent be paid into the court registry by order. The appellate record does not contain an order on the motion to set aside default.

The court later entered its Final Judgment as to Count I Only for Possession which granted possession of the premises to Edgewood and ordered the clerk to issue a writ of possession. This appeal followed.

Because this case involves a non-residential tenancy, Appellant argues that the trial court erred in entering default judgment based on her failure to pay the claimed amount of unpaid rent into the court registry. We agree.

When Appellant filed her answer, the court should have entered an order instructing her to pay rent into the court registry. *See* § 83.232(3), Fla. Stat. (2023) ("The court, on its own motion, shall notify the tenant of the requirement that rent be paid into the court registry by order, which shall be issued immediately upon filing of the tenant's initial pleading, motion, or other paper."). In the absence of this order, immediate default was improper pursuant to the statutes regarding non-residential leases. *See* § 83.232(5), Fla. Stat. (2023) ("Failure of the tenant to pay the rent into the court registry *pursuant to court order* shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to immediate default for possession without further notice or hearing thereon.") (emphasis added); *see also 34th St., LLC v. Pro-Karting Experience, Inc.*, 385 So. 3d 167, 168 (Fla. 2d DCA 2024) ("[B]ecause Tenant was not previously ordered to deposit monies into the court registry, no [duty to issue immediate default] arose here under the plain language of section 83.232(5), Florida Statutes (2022).").

Because there was no court order directing Appellant to pay rent into the registry, we find that immediate default was improper. Prior to issuing an order requiring Appellant to deposit rent in the court registry, the court should hold a hearing to determine the amount of rent owed, as requested by both parties.

We therefore reverse the default final judgment entered below and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EDWARDS, C.J., and KILBANE, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____